KNUDT HALVERSON *vs.* ANDREW T. BELL and another.

September 17, 1888.

**Highway—Order laying out County Road—Error in Description held
Fatal.**—By means of an error in an order made by a board of county
commissioners for the purpose of laying out and establishing a county
road, the greater part of said road (and that part which was laid across
plaintiff's farm) was described as upon a line about 10 rods northerly of
the road as petitioned for, examined, surveyed, platted, recommended by
the committee, and intended to be laid out by the commissioners. *Held,*
that there was no properly established highway upon either the line sur-
veyed, or as described in the order.

Appeal by defendants from a judgment of the district court for
Fillmore county, where the action was tried by *Farmer,* J., without
a jury. The defendant Bell was road overseer and the defendant
Olson was employed by him.

*B. A. Man* and *H. R. Wells,* for appellants.

*N. P. & W. E. Colburn,* for respondent.

COLLINS, J. Trespass *quare clausum.* The defendant's justifica-
tion is that, as a road overseer, he entered upon the *locus* to remove
a fence with which plaintiff had obstructed a highway laid out and
established by the county in the year 1878. The objection made to
the petition for the road in dispute, and the plaintiff's further con-
tention that if it was sufficient in form the board of county commis-
sioners lost jurisdiction of the proceedings by failing to act upon the
report of its committee (appointed by virtue of the provisions of Gen.
St. 1878, c. 13, § 50) at their session beginning June 25th, we con-
sider it unnecessary to determine, for a serious and fatal defect is
found in the order made by the board, by which it attempted to es-
tablish the highway.

The route set forth in the petition, after leaving the village of Pres-
ton, is along the banks of the Root river, crossing it once at a point
designated as "Rupp's Ford," to its terminal, at the intersection of
a highway running north and south with that leading from Preston
to Lanesboro. It is quite evident from the petition and survey that
the proposed road follows a very crooked stream for some distance;

hence the necessity of accurateness in the order laying it out. So essential was preciseness that the examining committee was accompanied by the county surveyor, who made a plat and survey of the line, which, with the field-notes, is incorporated in and made a part of the report, and from which we are informed that its course and bearing is such as to require 44 stations in a distance of less than 4 miles, many less than 10 and none more than 70 rods apart. The committee recommended the laying out of the road upon the line made by the surveyor and traced by courses and distances in the report, and it was undoubtedly the intention of the board to adopt the line exactly as described; in fact, the final order so recites. But, in stating the course and distance between stations 8 and 9, the order recites it "north, $17\frac{1}{2}$ degrees east, 26 rods," when it should have been "north, $17\frac{1}{2}$ degrees east, 16 rods." This is manifestly an error, but the result is to define the line of road for more than three-fourths of its length, (all westerly of station 9,) and across plaintiff's farm, 10 rods northerly of the line petitioned for, examined by the committee, surveyed, platted, recommended, and by the board intended to be laid out, crossing the river several rods above the ford designated, (quite likely at an impassable point,) and terminating 10 rods northerly of the intersection of the roads mentioned in all of the proceedings, including the order in which the mistake is made. We are not informed as to whether plaintiff's fence was torn down at the point where the road as surveyed crosses his land, or some point upon the road described in the order, and it seems quite immaterial, for no highway has been established upon either line. No order has ever been made in which the surveyed line has been adopted for highway purposes, and all of the papers, considered together, show that no preliminary proceedings have been had upon which the order actually made can be based.

In conclusion, we deem it incumbent upon us to say that there are so many errors in that part of the paper book which contains the surveyor's figures, as well as a description of the road by courses and distances, that we have relied wholly upon the original files, as returned to this court, and not upon the printed record.

Judgment affirmed.